IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALVIN GENE CHELF,<br><br>    Defendant. | No. 13-cr-40094 JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Alvin Gene Chelf's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 45).

On November 21, 2013, Chelf pled guilty to two counts of distribution of methamphetamine. Using the 2013 Sentencing Guidelines Manual, the Court determined the defendant's relevant conduct was 0.6 grams of methamphetamine, resulting in a base offense level of 12. However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on two prior violent felony convictions and one prior drug felony conviction, which raised his base offense level to 34. His offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) and (b) because he accepted responsibility for his offense in a timely manner, yielding a total offense level of 31. Considering the defendant's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 and his criminal history points under the sentencing table in U.S.S.G. Chapter 5, Part A, this yielded a sentencing range of 188 to 235 months in prison. The Court imposed a sentence of 235 months in prison.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence. Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some

base offense levels associated with various relevant conduct drug amounts. The relevant parts of Amendment 782 are retroactive but did not become retroactively effective until November 1, 2015. *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on his career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1.[1] Thus, his offense level and his guideline range have not been lowered by Amendment 782, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States*

---

[1] Should the defendant's career offender status ever be adjudged to be in error and vacated, the defendant may reapply for a reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782.

*v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court **DENIES** his *pro se* motion for a reduction (Doc. 45).

**IT IS SO ORDERED.**
**DATED:   July 7, 2017**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **U.S. DISTRICT JUDGE**